UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

NICHOLAS E. HURLIN,  )
        Plaintiff  )
          )  04  10833  WGY
VS.  )
          )
TOWN OF ROWLEY  )
        Defendant  )

MAGISTRATE JUDGE Bowler

RECEIPT # 55544
AMOUNT $150.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. TOM
DATE 4-27-04

### DEFENDANT TOWN OF ROWLEY'S NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(b) and 1446, the defendant, Town of Rowley petitions for removal of this action to the United States District Court for the District of Massachusetts. As grounds therefore, the defendant states as follows:

1. On or about April 6, 2004, the plaintiff filed this Amended Complaint in the Essex Superior Court, Civil Action No. 2004-00034. According to the Superior Court Docket, the original Complaint was filed on January 8, 2004.

2. On April 6, 2004 the plaintiff's Amended Complaint was served upon the defendant. Attached as Exhibit A is a copy of the plaintiff's Amended Complaint and Summons which were served upon the defendant.

3. In the Amended Complaint, the plaintiffs alleges that the defendant violated the Federal and State constitutional rights, including violation of free speech and due process rights. The plaintiff also alleges various state law tort claims.

4. Because this matter is an action arising under federal law of which this Court has original jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal under 28 U.S.C. §1441(b).

5. This Notice of Removal is being filed within the time period required by law, 28 U.S.C. §1446(b).

Respectfully submitted,
Town of Rowley,
By its attorneys,

*/s/ Pamela J. Fitzgerald*
Pamela J. Fitzgerald, BBO No. 536130
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: 4/26/04

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on April 26, 2004.

*/s/ Pamela J. Fitzgerald*

A

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* — TORT — MOTOR VEHICLE TORT — CONTRACT — EQUITABLE RELIEF — OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

*Newburyport*

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 04-0034 B

Nicholas E. Hurlin ........................ Plaintiff(s)
PO 11, Newburyport, MA. 01950

v.

Town of Rowley ........................ Defendant(s)

RECEIVED
TOWN OF ROWLEY
TOWN CLERK
2004 APR -6 AM 10 41

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon **Nicholas E. Hurlin** plaintiff's attorney, whose address is **PO. 11, Newburyport, MA. 01950**, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at **Newburyport Sup Civil** either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. DelVECCHIO, Esquire, at Salem, the **6th** day of **April**, in the year of our Lord two thousand **four**

*Thomas H. Driscoll*
Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

A TRUE COPY ATTEST  4-6-04  Dep Sheriff

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5)):

_____

_____

_____

Dated: _____, 20___    _____

N.B. TO PROCESS SERVER:-
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS
NEWBURY ORT
SUPERIOR COURT
CIVIL ACTION
No. 04-00345

ESSEX, ss.

Nicholas E. Nurtin
90 H. Newburyport Ma. 0950
Plaintiff(s)

v.

Town of Rowley, MA.
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

## Massachusetts Superior Court

| | | |
|---|---|---|
| Nicholas E. Hurlin | ) | |
| | ) | Sup Ct.  040034B |
| Vs. | ) | |
| | ) | |
| Town of Rowley | ) | |

### AMENDED Complaint and Jury demand

### Parties

1. Plaintiff is a resident of Rowley, Massachusetts.

2. Defendant is the Town of Rowley is an incorporated municipality within the Commonwealth of Massachusetts.

### Venue

3. Having sent Town of Rowley a demand in compliance with the MA. Tort claims act and having had no response this action issues and arises out of the constitutions of the State of Massachusetts and United States of America. Plaintiff takes this action to protect his civil rights, in doing so, protecting the rights of all citizens.

### FACTS

4. On January 8, 2001, plaintiff was asked by employer to request an answer to a title five question at the Rowley Board of health. Plaintiff was refused an

-1-

answer to any title 5 questions and was deprived of service. Upon leaving as a result of the denial, Plaintiff proceeded to the Selectman's office to make a formal complaint of the denial of service; question was in reference to septic plans that are required by the RBOH. Having met with secretary plaintiff aired complaint was not receiving response by Chairman nor service by staff and was assured a response the Chairman of the RBoH. I went about my Business contacting a number of State agencies including the DEP, Environmental affairs and during that communication was in contact with yet other high offices in the Commonwealth. At each contact, plaintiff communicated the same complaint later communicated to Chairman of the RBOH upon receiving call from Chairman RBOH late afternoon. A 20 minute conversation ensued; during that conversation plaintiff told defendant not to misinterpret complaint. Plaintiff relayed to Chairman that plaintiff felt the treatment he was receiving over the past 10 years by the RBOH and method they used in the administration of rules and reg and their illegal actions could result in public safety issue if Town had someone with unstable different nature then plaintiff; it was a possibility that their actions could result in a "Wakefield or Cole brook" Chairman, said to me he took that statement as a threat. I stated it was never intended as a threat several times but plaintiff was trying to warn of the possibility of a public safety issue we

—2—

then went on to other topics regarding tests of the property in question at 27 Central, DEP conflict interest and his inviting me to next RBOH meeting. My employer took over conversation and reiterated other complaints. Told Chairman it shouldn't take 10 years to complete voluntary septic repair. The conversation ended 4:45 pm or there about and lasted 20 minutes app. Plaintiff went to selectman's meeting Jan 8, 2001 to ask for executive session in order to make the very complaint that was made several times during the day to responsible administrators. The plaintiff waited well over an hour to address the Board and was refused executive meeting but was allowed to address the board in the public session. I proceeded; about half way through when Selectman started shouting and intimidating plaintiff compelling me to abandon and not finish the complaint violating my civil rights. This meeting was recorded and the recording was asked to be preserved.

5. The plaintiff alleges the Defendant then defamed slandered and libeled the plaintiff by denigrating his character and reputation in a public forum Jan 8, 2001 by and then proceeded to act to punish plaintiff without a hearing, without due process, by the defamatory letter of Jan 9, 2001 by a town official.

6. The plaintiff alleges town denied requested hearing and denied an investigation and denied interviewing a material witness that would have

- 3 -

absolved the plaintiff of any of the derogatory accusations the town made about the plaintiff. Initial reports had flagrant discrepancies within and therefore required a though review for determinations of fact and plaintiff requests this to be completed.

7. Plaintiff alleges the town conspired to create a "history" or pattern over a period of time and issued a memo to that objective. Plaintiff believes it was a response by the town to assist them in defenses to plaintiffs allegations of illegally condemning his home and the towns refusal to allow the voluntary septic repairs.

8. Plaintiff alleges that under our State and Federal constitutions that plaintiffs right to address his representatives without fear of retribution was compromised Jan 8, 2001 by the defendant. Plaintiff alleges being denied public duties by administrators; what was termed as "favors" by one selectman and the denial of "favor" is to be expected by someone in litigation with the town.

9. Plaintiff alleges that late last year in a letter lifting sanctions by a public officials The Town again defamed libeled and slandered plaintiff.

10. Plaintiff alleges that Selectman having exculpatory evidence in the litigation has been denied that evidence as a result of Town Counsel directives and may be obstruction of justice.

-4-

### Count one

11. Plaintiff repeats allegations contained paragraphs 1 thru 10 of this complaint.

12. Plaintiff has the right to address his representatives in a respectful way without fears of intimidation, defamation and reprisals under the State and Federal constitutions whether it be praise or controversy and complaint in order that we are able to advance our society.

### Count two

13. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12.

14. Plaintiff has a right to have his speech protected by the Massachusetts state Constitution and the Constitution of the United States of America.

### Count three

15. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 of the complaint.

16. The defendants issuance of orders prohibiting free access and denial of liberty's and sanctions and denial of a hearing and investigation and issuing threats based upon events that did not happen during the morning of Jan 8, 2001 and again in the evening Jan 8, 2001 violated the plaintiffs civil rights.

17. The defendants interference with business relations between plaintiffs

Business affiliates and the denials of a license to a sub contractor of the plaintiff because of an infirmity and defendants RBOH allegations that the refusal to renew a long standing license was because he could not perform because of the infirmity.

18. The Defendants allegation that the plaintiff was attempting to gain undue advantages and cheat while assisting business associate and sub contractor advantage and or to cheat while plaintiff was present to assist associate to travel and stand by because of first day out after having a serious operation, constituted a violation Massachusetts law and American disabilities act. These acts by the Rowley Board of health are libel and slanderous to plaintiff

19. The denial by the Defendant to administer the plaintiffs requested Septic repair license test and interference of issuance of other municipalities Septic license over the past two years.

20. Plaintiff alleges the RBOH chairman and RBOH Agent in a meeting of the RBOH Jan 8, 2001 defamed and slandered Plaintiff.

21.Plaintiff alleges that chairman of Rowley Health and board conducted an held an illegal executive session and as a result caused harm to plaintiff.

-6-

hear complaints, find facts and resolve complaints by unbiased persons; maintain a log kept by the selectman and a copy in the public library with free access to the public or some other scheme to accomplish mission.

5. Award plaintiff monetary damages

6. Award the plaintiff punitive damages.

7. Award the plaintiff attorney's fees costs, and interest.

8. Plaintiffs requests defendants be prohibited from discussing this case with other people excepting Rowley legal representatives

Award such further relief as the Court deems just an appropriate

## JURY DEMAND

Plaintiff, Nicholas E. Hurlin herby claims a trial by jury.

Nicholas E Hurlin  PO 11 Newburyport, MA. 01950

*Nicholas E Hurlin*  4/6/04
Plaintiff

Nicholas E Hurlin

PO Box 11

Newburyport MA. 01950

- 8 -