# Brody, Hardoon, Perkins & Kesten, LLP

## Attorneys at Law

Richard E. Brody
Laurence E. Hardoon
Samuel Perkins
Leonard H. Kesten
Jocelyn M. Sedney

Of Counsel:
Cheryl A. Jacques
Maria E. DeLuzio

One Exeter Plaza
Boston, Massachusetts 02116

———

Telephone 617-880-7100
Facsimile 617-880-7171
www.bhpklaw.com

Pamela J. Fitzgerald
Jeremy I. Silverfine
Sherri Gilmore Bunick
Deidre Brennan Regan
Deborah I. Ecker
Georgia K. Critsley
Djuna E. Perkins
Thomas P. Campbell
Andrew S. Brooslin

Administrator:
Elizabeth L. Joyce

May 11, 2004

**HAND DELIVERED**

Civil Clerk's Office
United States District Court
One Courthouse Way
Boston, MA  02210

RE:    Nicholas E. Hurlin          *04cv10833 WGY*
       Vs. Town of Rowley
       Civil Action No.: 2004-00034

Dear Sir/Madam:

Enclosed please find the following for docketing and filing with reference to the above-captioned matter:

1. Certified copy of documents on file with the Middlesex Superior Court.

Thank you for your attention to this matter. Please contact me if you have any questions.

Very truly yours,

Brody, Hardoon, Perkins & Kesten, LLP

*Pamela J. Fitzgerald*
Pamela J. Fitzgerald

PJF: hjo
Enclosures
cc. Nicholas Hurlin, pro se

## Massachusetts Superior Court

Nicholas  E. Hurlin                          )

                                             )

Vs.                                          )              Sup ct 04 - 0034 b

                                             )

                                             )              A TRUE COPY, ATTEST

Town of  Rowley                              )              _____
                                                            DEPUTY ASST. CLERK

### Complaint and Jury  demand

### Parties

1.  Plaintiff is a  resident of  Rowley ,Massachusetts.

2. Defendant is the  Town of  Rowley is an incorporated municipality within
the Commonwealth of  Massachusetts.

### Venue

3. This  action arises out of the  constitutions of the  State of  Massachusetts
and United States of America.

### FACTS

4.  On January 8 2001, plaintiff was asked by employer to request  an answer
to a title five question at the Rowley Board of health. Plaintiff was refused an
answer to any question , title 5 and was deprived of service. Upon leaving as
a result of the denial Plaintiff proceeded to the  Selectman's office  to make a
formal complaint of the denial of service  question was in reference to septic

*l*

a result of the denial Plaintiff proceeded to the Selectman's office to make a formal complaint of the denial of service question was in reference to septic plans that are required by the RBOH. Having met with secretary plaintiff aired complaint was not receiving response by Chairman nor service by staff and was assured a response the Chairman of the RBoH . I went about my Business contacting a number of State agencies including the DEP, Environmental affairs and during that communication was in contact with yet other high offices in the Commonwealth. At each contact, plaintiff communicated the same complaint later communicated to Chairman of the RBOH upon receiving call from Chairman RBOH late afternoon. A 20 minute conversation ensued; during that conversation plaintiff told defendant not to misinterpret complaint. Plaintiff relayed to Chairman That plaintiff felt the treatment he was receiving over the past 10 years by the RBOH and method they used in the administration of rules and reg and their illegal actions could result in public safety issue if Town had someone with unstable different nature then plaintiff ; it was a possibility that their actions could result in a "Wakefield or Cole brook" Chairman ,said to me he took that statement as a threat. I stated it was never intended as a threat several times but plaintiff was trying to warn of the possibility of a public safety issue we then went on to other topics regarding tests of the property in question at 27

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

Central, DEP conflict interest and his inviting me to next RBOH meeting My employer took over conversation and reiterated other complaints. Told Chairman it shouldn't take 10 years to complete voluntary septic repair. The conversation ended 4:45 pm or there about and lasted 20 minutes app. Plaintiff went to selectman's meeting Jan 8 2001 to ask for executive session in order to make the very complaint that was made several times during the day to responsible administrators. The plaintiff waited well over an hour to address the Board and was refused executive meeting but was encouraged to address the board in the public session. I proceeded ;about half way through when Selectman started shouting and intimidating plaintiff so much I felt compelled to leave and could not finish the complaint. This meeting was recorded and the recording was asked to be preserved.

5. The plaintiff alleges the Defendant defamed slandered and then libeled the plaintiff by denigrating his character and reputation in a public forum Jan 8 2001 by and then proceeded to act to punish plaintiff without a hearing, without due process, by the defamatory letter of Jan 9 2001 by a town official .

A TRUE COPY, ATTEST

DEPUTY ASST. CLERK

6. The plaintiff alleges town denied requested hearing and denied an investigation and denied interviewing a material witness that would have absolved the plaintiff of any of the derogatory accusations the town made

3

about the plaintiff . Initial reports had flagrant discrepancies within and therefore required an though review for determinations of fact and plaintiff requests this to be completed.

7 .Plaintiff alleges the town conspired to create a "history" or pattern over a period of    time and  issued a memo to that objective.  Plaintiff believes it was a response by the town to assist them in defenses to plaintiffs allegations of illegally condemning his  home and the towns refusal to allow the voluntary septic repairs.

8.plaintiff alleges that under our state and Federal constitutions that plaintiffs right to address his representatives without fear of retribution was compromised Jan 8 2001 by the defendant.  Plaintiff  alleges being denied public duties by administrators; what was termed as "favors" by one selectman and the denial of "favor" is  to be expected by someone in litigation with the town.

9. Plaintiffs  alleges that late last year the in a letter lifting  sanctions by a public officials The Town  again defamed libeled and slandered plaintiff .

10. Plaintiff alleges that  Selectman having  exculpatory  evidence  in the litigation has       been denied that evidence as a result of Town Counsel directives and may be obstruction  of justice.

### Count one

A TRUE COPY. ATTEST

DEPUTY ASST. CLERK

4

11. Plaintiff repeats allegations contained epigraphs 1 thru 10 of this complaint.

12. Plaintiff has the right to address his representatives in a respectful way without fears of intimidation, defamation and reprisals under the State and Federal constitutions whether it be praise or more so that address of controversy and complaint in order that we are able to advance our society.

## Count two

13. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12

14. plaintiff has a right to have his speech protected by the Massachusetts state Constitution and the Constitution of the United States of America.

## Count three

15. Plaintiff repeats and realleges the allegations contained in paragraphs one through 14 of the complaint.

16. The defendants issuance of orders prohibiting free access and denial of liberty's well as scansions and denial of a hearing and investigation and issuing threats based upon events that did not happen during the morning of Jan 8 2001 and again in the evening Jan 8 2001.

17 The defendants interference with business relations between plaintiffs Business affiliates and the denials of a license to a sub contractor of the

A TRUE COPY, ATTEST

plaintiff because of an infirmity and defendants RBOH allegations that the refusal to re new a long standing license was because he could not perform because of the infirmity .

18 The Defendants allegation that the plaintiff was attempting to gain undue advantages and cheat while assisting business associate and sub contractor advantage and or to cheat while plaintiff was present to assist associate to travel and stand by because of first day out after having a serious operation , constituted a violation Massachusetts law and American disabilities act.

19. The denial by the Defendant to administer the plaintiffs requested Septic repair license test and interference of issuance of other municipalities Septic licensee over the past three years.

20. Plaintiff alleges the RBOH chairman and RBOF Agent in a meeting of the RBOH Jan 8 2001 defamed and slandered Plaintiff and held a illegal executive session . That has cause harm to plaintiff .

### Count four

21. As a result of the each individual allegations, each count, all collectively, the evidence will show a position taken by the town that plaintiff alleges constitutes unfair unlawful practices in violation of their duties an laws and mission and has and continues to cause plaintiff harm, suffering and substantial damages.

A TRUE COPY ATTEST

DEPUTY ASST. CLERK

WHEREFORE, Plaintiff Nicholas Hurlin respectfully requests that this court reaffirm

The plaintiffs right s under the constitutions of Massachusetts and USA:

1. enter judgment in the plaintiffs favor.

2 Up hold the right of every citizen to address his or her representative without fear of intimidation and reprisals , punishments.

3.To uphold the right s of rights of free speech whether compliment or even more so a complaint in order for our society to better itself.

4. Award plaintiff monetary damages

5. Award the plaintiff punitive damages.

6. Award the plaintiff attorney's fees costs, and interest.

7.Order the Town of Rowley to set up a tribunal or some other method to hear , complaints find facts and resolve complaints by unbiased persons maintain a log kept by the selectman and a copy in the public library with free access to the public or some other scheme to accomplish mission.

Award such further relief as the Court deems just an appropriate

## JURY DEMAND

Plaintiff , Nicholas E. Hurlin herby claims a trial by jury

Plaintiff

*Nicholas E Hurlin* [signature]

Nicholas E Hurlin

PO Box 11

Newburyport Ma. 01950

Tel 978-948-7411

I  Nicholas Hurlin, that  I am aware of the foregoing complaint and that  I

believe to true  to the best of my knowledge except matters that are alleged

on information and belief and those matter  I believe to be true

## Massachusetts Superior Court

Nicholas E. Hurlin                    )

                                      )          Sup Ct.   040034B

Vs.                                   )          _____

                                      )

Town of  Rowley                       )

AMENDED
## Complaint and Jury  demand

### Parties

1. Plaintiff is a resident of Rowley, Massachusetts.

2. Defendant is the Town of Rowley is an incorporated municipality within

the Commonwealth of Massachusetts.

### Venue

3. Having sent Town of Rowley a demand in compliance with the MA. Tort

claims act and having had no response this action issues and arises out of the

constitutions of the State of Massachusetts and United States of America.

Plaintiff takes this action to protect his civil rights, in doing so, protecting the

rights of all citizens.

### FACTS

4.  On January 8, 2001, plaintiff was asked by employer to request an answer

to a title five question at the Rowley Board of health. Plaintiff was refused an

answer to any title 5 questions and was deprived of service. Upon leaving as a result of the denial, Plaintiff proceeded to the Selectman's office to make a formal complaint of the denial of service; question was in reference to septic plans that are required by the RBOH. Having met with secretary plaintiff aired complaint was not receiving response by Chairman nor service by staff and was assured a response the Chairman of the RBoH. I went about my Business contacting a number of State agencies including the DEP, Environmental affairs and during that communication was in contact with yet other high offices in the Commonwealth. At each contact, plaintiff communicated the same complaint later communicated to Chairman of the RBOH upon receiving call from Chairman RBOH late afternoon. A 20 minute conversation ensued; during that conversation plaintiff told defendant not to misinterpret complaint. Plaintiff relayed to Chairman that plaintiff felt the treatment he was receiving over the past 10 years by the RBOH and method they used in the administration of rules and reg and their illegal actions could result in public safey issue if Town had someone with unstable different nature then plaintiff; it was a possibility that their actions could result in a "Wakefield or Cole brook" Chairman, said to me he took that statement as a threat. I stated it was never intended as a threat several times but plaintiff was trying to warn of the possibility of a public safety issue we

-2-

then went on to other topics regarding tests of the property in question at 27

Central, DEP conflict interest and his inviting me to next RBOH meeting.

My employer took over conversation and reiterated other complaints. Told

Chairman it shouldn't take 10 years to complete voluntary septic repair. The

conversation ended 4:45 pm or there about and lasted 20 minutes app.

Plaintiff went to selectman's meeting Jan 8, 2001 to ask for executive session

in order to make the very complaint that was made several times during the

day to responsible administrators. The plaintiff waited well over an hour to

address the Board and was refused executive meeting but was allowed to

address the board in the public session. I proceeded; about half way through

when Selectman started shouting and intimidating plaintiff compelling me to

abandon and not finish the complaint violating my civil rights. This meeting

was recorded and the recording was asked to be preserved.

 5. The plaintiff alleges the Defendant then defamed slandered and libeled the

plaintiff by denigrating his character and reputation in a public forum Jan 8,

2001 by and then proceeded to act to punish plaintiff with a hearing,

without due process, by the defamatory letter of Jan 9, 2001 by a town

official.

6. The plaintiff alleges town denied requested hearing and denied an

investigation and denied interviewing a material witness that would have

absolved the plaintiff of any of the derogatory accusations the town made about the plaintiff. Initial reports had flagrant discrepancies within and therefore required a though review for determinations of fact and plaintiff requests this to be completed.

7. Plaintiff alleges the town conspired to create a "history" or pattern over a period of time and issued a memo to that objective. Plaintiff believes it was a response by the town to assist them in defenses to plaintiffs allegations of illegally condemning his home and the towns refusal to allow the voluntary septic repairs.

8. Plaintiff alleges that under our State and Federal constitutions that plaintiffs right to address his representatives without fear of retribution was compromised Jan 8, 2001 by the defendant. Plaintiff alleges being denied public duties by administrators; what was termed as "favors" by one selectman and the denial of "favor" is to be expected by someone in litigation with the town.

9. Plaintiff alleges that late last year in a letter lifting sanctions by a staff officials The Town again defamed libeled and slandered plaintiff.

10. Plaintiff alleges that Selectman having exculpatory evidence in the litigation has been denied that evidence as a result of Town Counsel directives and may be obstruction of justice.

-4-

## Count one

11. Plaintiff repeats allegations contained paragraphs 1 thru 10 of this complaint.

12. Plaintiff has the right to address his representatives in a respectful way without fears of intimidation, defamation and reprisals under the State and Federal constitutions whether it be praise or controversy and complaint in order that we are able to advance our society.

## Count two

13. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12.

14. Plaintiff has a right to have his speech protected by the Massachusetts state Constitution and the Constitution of the United States of America.

## Count three

15. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 14 of the complaint.

16. The defendants issuance of orders prohibiting free access and denial of liberty's and sanctions and denial of a hearing and investigation and issuing threats based upon events that did not happen during the morning of Jan 8, 2001 and again in the evening Jan 8, 2001 violated the plaintiffs civil rights.

17. The defendants interference with business relations between plaintiffs

-5-

Business affiliates and the denials of a license to a sub contractor of the plaintiff because of an infirmity and defendants RBOH allegations that the refusal to renew a long standing license was because he could not perform because of the infirmity.

18. The Defendants allegation that the plaintiff was attempting to gain undue advantages and cheat while assisting business associate and sub contractor advantage and or to cheat while plaintiff was present to assist associate to travel and stand by because of first day out after having a serious operation, constituted a violation Massachusetts law and American disabilities act. These acts by the Rowley Board of health are libel and slanderous to plaintiff

19. The denial by the Defendant to administer the plaintiffs requested Septic repair license test and interference of issuance of other municipalities Septic license over the past two years.

20. Plaintiff alleges the RBOH chairman and RBOH Agent in a meeting of the RBOH Jan 8, 2001 defamed and slandered Plaintiff.

21.Plaintiff alleges that chairman of Rowley Health and board conducted an held an illegal executive session and as a result caused harm to plaintiff.

## Count four

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 of the complaint.

23. As a result of the each individual allegations, each count, all collectively, the evidence will show a position taken by the town that plaintiff alleges constitutes unfair unlawful practices in violation of their duties an laws and mission and has and continues to cause plaintiff harm, suffering and substantial damages.

WHEREFORE, Plaintiff Nicholas Hurlin respectfully requests that this court reaffirm the plaintiffs rights of free speech, to address grievances with out fear of unwarranted punishment by defendant under the constitutions of Massachusetts and United States of America :

1. Enter judgment in the plaintiffs favor.

2. Up hold the right of every citizen to address his or her representative without fear of intimidation and reprisals, profusions or

3. To uphold the rights of free speech and addressing our representatives, whether it be a compliment or more so a complaint in order for our society to better itself.

4. Order the Town of Rowley to set up a tribunal or some other method to

hear complaints, find facts and resolve complaints by unbiased persons;

maintain a log kept by the selectman and a copy in the public library with free

access to the public or some other scheme to accomplish mission.

5. Award plaintiff monetary damages

6. Award the plaintiff punitive damages.

7. Award the plaintiff attorney's fees costs, and interest.

8. Plaintiffs requests defendants be prohibited from discussing this case with

other people excepting Rowley legal representatives

Award such further relief as the Court deems just an appropriate

## JURY DEMAND

Plaintiff, Nicholas E. Hurlin herby claims a trial by jury.

Nicholas E Hurlin   PO 11 Newburyport, MA. 01950

Plaintiff

Nicholas E Hurlin

PO Box 11

Newburyport MA. 01950

- 8 -

COMMONWEALTH OF MASSACHUSETTS

ESSEX , ss

SUPERIOR COURT
C.A. NO.: 2004-00034

NICHOLAS E. HURLIN )
)
          Plaintiff )
)
VS. )
)
TOWN OF ROWLEY )
)
          Defendant )

**WRITTEN NOTICE OF REMOVAL TO
FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)**

A Notice of Removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Essex County, to the United States District Court for the District of Massachusetts (a copy of which Notice is filed herewith) was duly filed on April 26, 2004, in the United States District Court for the District of Massachusetts. A copy of the Notice of Removal, certified by the United States District Court for the District of Massachusetts, having been duly filed with the Clerk for the Superior Court of the Commonwealth of Massachusetts, Essex County, in accordance with 28 U.S.C. §1446(d), the Superior Court shall proceed no further herein unless and until the case is remanded.

Respectfully submitted,
Town of Rowley
By its attorneys,

Pamela J. Fitzgerald, BBO No. 536130
BRODY, HARDOON, PERKINS & KESTEN
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: 4/29/04

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail hand on 4-29-04





UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

NICHOLAS E. HURLIN,                          )
                                             )
                    Plaintiff               )
                                             )
VS.                                          )        0 4        1 0 8 3 3 GY
                                             )
TOWN OF ROWLEY                               )
                                             )
                    Defendant                )

## DEFENDANT TOWN OF ROWLEY'S NOTICE OF REMOVAL

## OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(b) and 1446, the defendant, Town of Rowley

petitions for removal of this action to the United States District Court for the District of

Massachusetts. As grounds therefore, the defendant states as follows:

1.      On or about April 6, 2004, the plaintiff filed this Amended Complaint in

the Essex Superior Court, Civil Action No. 2004-00034. According to the Superior Court

Docket, the original Complaint was filed on January 8, 2004.

2.      On April 6, 2004 the plaintiff's Amended Complaint was served upon the

defendant. Attached as Exhibit A is a copy of the plaintiff's Amended Complaint and

Summons which were served upon the defendant.

3.      In the Amended Complaint, the plaintiffs alleges that the defendant

violated the Federal and State constitutional rights, including violation of free speech

and due process rights. The plaintiff also alleges various state law tort claims.

4.      Because this matter is an action arising under federal law of which this

Court has original jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal

under 28 U.S.C. §1441(b).

A

5.     This Notice of Removal is being filed within the time period required by

law, 28 U.S.C. §1446(b).

Respectfully submitted,
Town of Rowley,
By its attorneys,

Pamela J. Fitzgerald, BBO No. 536130
Brody, Hardoon, Perkins & Kesten, LLP
One Exeter Plaza
Boston, MA 02116
(617) 880-7100

Dated: 4/24/04

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document
was served upon the attorney of record for each other
party by mail/hand on April 26 2004

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|

24-0034-B

**PLAINTIFF(S)**
Nicholas E. Hurlin

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Po, Box 11 NEWburyport, Ma. 01950
Board of Bar Overseers number:

**DEFENDANT(S)**
Town of Beverly.

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.
B15
B90

TYPE OF ACTION (specify)      TRACK        IS THIS A JURY CASE?

_____   ( )   ( ✓ ) Yes   ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
                                                             Subtotal $ . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . $
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
                                                             $
                                                             $ . . . . . . . . . . .
                                                  TOTAL $ . . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s).

                                                  TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record    Nicholas E Hurlin         DATE: Dec 8, 2001

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

MAS-20030312
collins

**Commonwealth of Massachusetts**
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

05/06/2004
02:11 PM

## ESCV2004-00034
### Hurlin v Town of Rowley

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 01/08/2004 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 05/06/2004 | **Session** | B - Civil-CtRm 1 (Newburyport) | | |
| **Origin** | 1 | **Case Type** | B15 - Defamation/libel/slander | | |
| **Lead Case** | | **Track** | A | | |
| | | | | | |
| **Service** | 04/07/2004 | **Answer** | 06/06/2004 | **Rule12/19/20** | 06/06/2004 |
| **Rule 15** | 04/02/2005 | **Discovery** | 02/26/2006 | **Rule 56** | 04/27/2006 |
| **Final PTC** | 08/25/2006 | **Disposition** | 01/07/2007 | **Jury Trial** | Unknown |

### PARTIES

**Plaintiff**
Nicholas E. Hurlin
P.O. Box 11
Newburyport, MA 01950
Phone: 978-948-7411
Active 01/08/2004 Notify

**Defendant**
Town of Rowley
Service pending 01/08/2004

A TRUE COPY. ATTEST
DEPUTY ASST. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 01/08/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 01/08/2004 | | Origin 1, Type B15, Track A. |
| 04/06/2004 | 2.0 | Amended complaint of Nicholas E. Hurlin |
| 05/03/2004 | 3.0 | Notice for Removal to the United States District Court filed by Town of Rowley, Filed 4/30/04 |
| 05/06/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

| Date | Session | Event | Result |
|---|---|---|---|
| 01/10/2005 | Civil-CtRm 1 (Newburyport) | Status: by clerk Anniversary Clerk | Event canceled not re-scheduled |