UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10833MBB

NICHOLAS E. HURLIN )
    Plaintiff )
)
v. )
)
TOWN OF ROWLEY, )
    Defendant )

### DEFENDANT TOWN OF ROWLEY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

The defendant, Town of Rowley, submits this Memorandum of Law in support of its motion for summary judgment. See Fed.R.Civ.P 56. As grounds therefore the Town of Rowley, states that the plaintiff has failed to establish the elements of his claims against the Town of Rowley, and that it is entitled to judgment in its favor as a matter of law.

### Argument

**I.    Summary Judgment Standard**

Summary judgment is appropriate here because "the pleadings, depositions, answers to interrogatories, and admissions on file" show that there is no genuine issue as to any material fact and that the defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). See <u>Hinchey v. Nynex Corp.</u>, 144 F.3d 134, 140 (1st Cir. 1998)

**II.   The Town Of Rowley Is Entitled To Summary Judgment On Count I As The Plaintiff Cannot Establish That The Defendant Violated The Plaintiff's Rights Pursuant To The State Or Federal Constitution**

Count I of the Amend Complaint appears to allege that the defendant violated the plaintiff's civil rights by restricting his access to town offices after he attempted to make complaints about the Board of Health.

Section 1983 states, in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...."

As the language of the statute indicates, § 1983 itself creates no substantive rights but is a method for vindicating federal rights elsewhere conferred. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). Rather, two elements are essential for a claim under § 1983. "First, the challenged conduct must be attributable to a person acting under color of state law ..., Second, the conduct must have worked a denial of rights secured by the Constitution or by Federal law." Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997). The second prong requires the plaintiff prove not only a deprivation of federal right, but also that the defendant's conduct was a cause in fact of the alleged deprivation. Id. See Martinez v. California, 444 U.S. 277, 283, 100 S.Ct. 553 (1980); Estate of Gilmore v. Buckley, 787 F.2d 714, 719 (1st Cir.), cert. denied, 479 U.S. 882, (1986).

In this respect, it is apparent that not all torts recognized by state law give rise to liability under § 1983. See Daniels v. Williams, 474 U.S. 327, 332, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); Martinez v. California, 444 U.S. at 285 (1980) ("not every injury in which a state official has played some part is actionable" under § 1983).

Here, the plaintiff appears to allege that his First Amendment rights were violated when he tried to make a complaint about the Board of Health and conditions were subsequently imposed upon him which restricted his access to various town offices.

To establish a claim for retaliation for the exercise of free speech, the plaintiff must prove that: 1) the defendant was acting under the color of state law; 2) the plaintiff's speech activities were protected under the First Amendment; and 3) the

plaintiff's exercise of his protected right was a substantial or motivating factor in the defendant's actions. Harrington v. Harris, 118 Fed. 3d 359, 365 (5th Cir. 1997).

Freedom of speech is not absolute at all times and under all circumstances. Frisby v. Schultz, 487 U.S. 474, 479, 108 S.C.t. 2495, 2499, 101 L.E.d. 2d 420 (1998), on remand 857 Fed. 2d 1175 (7th Cir. 1988), appeal after remand 877 F. 2d 6 (1989). Even protected speech may be restricted to a reasonable time, place and manner. Clark v. Community For Creative Non-Violence, 468 U.S. 288, 293, 104 S.Ct. 3065, 3069, 82 L.Ed 2d 221 (1984). A curtailment of speech violates the free speech clause only if the restricted expression is, in fact, constitutionally protected. Chaplinsky v. New Hampshire, 315 U.S. 568, 571-572, 62 S.Ct. 766, 768-769, 86 L.Ed. 1031 (1942).

"Fighting words" are not the type of expression which are protected by the First Amendment nor does the First Amendment protect conduct that threatens another. See, Commonwealth v. Robicheau, 421 Mass. 176, 654 N.E. 2d. 1196 (1995). Further, language properly "may be understood and treated as a threat even in the absence of an explicit statement of an intention to harm the victim as long as circumstances support the victim's fearful or apprehensive response" See Commonwealth v. Chou, 433 Mass. 229, 741 N.E. 2d 17, 22 (2001). It is the intent to threaten rather than the intent to carry out the threat that is dispositive. Rogers v. The United States, 422 U.S. 35, 46-47, 95 S.Ct. 2091, 45 L.Ed. 2d 1 (1975) (Marshall J., concurring); United States v. Kelner, 534 Fed. 2d. 1020, 1025 (2nd Cir.) cert. denied, 429 U.S. 1022, 97 S.Ct. 639, 50 L.Ed. 623 (1976). See also Commonwealth v. Mylo M., 433 Mass. 149, 740 N.E. 2d 967 (2001) (evidence was sufficient to support a finding that a juvenile had present ability to carry out threat against teacher when the juvenile held the second of two very violent drawings out to teacher in an angry and defiant manner, the teacher was familiar with juveniles disciplinary history at school and in her classroom and the juvenile was seen laundering

near the teacher's car following the incident); Hennessy v. The City of Melrose, 194, 3d. 237 (1st Cir. 1999) (a student teacher's civil rights were not violated when he was discharged for inflammatory statements which were not protected speech under the First Amendment but rather, represented the student's "veiled, indirect expression of his disdain for the curriculum").

In this case, the plaintiff made what were perceived as threatening statements. In Massachusetts, it is a crime to threaten a person. See M.G.L. c. 275. The plaintiff first made statements to the Board of Health Chairman Charles Costello to the effect that the town did not want another "Wakefield or Colebrook, New Hampshire" to occur in the Town of Rowley. These statements specifically referred to the murder of seven individuals which had occurred in Wakefield, Massachusetts less than two weeks before the plaintiff made this statement and to a shooting in Colebrook, New Hampshire in 1997 by an individual who apparently had feuded with town officials over zoning and other issues. The plaintiff admitted that his statements referred to those shootings. Although the plaintiff testified that he did not intend these statements as a threat, that statement is absurd. The only reasonable interpretation of those statements is that they were threats as they were made to various individuals whom the plaintiff believed were denying him full use of the property at 27 Central Street. Further, in light of his previous history with the plaintiff, Mr. Costello certainly believed that the statements were made as a threat.

After the plaintiff made the statements, conditions were imposed which restricted his access town offices in that he had to make an appointment 24 hours in advance and a police officer had to present during his appointment. In light of the threatening statements made by the plaintiff and his history of argumentative and confrontational behavior at the Rowley Board of Health Office, the restrictions were

imposed to protect the safety of the town officials and employees and were reasonable. The conditions were not an infringement on the plaintiff's First Amendment Rights or any rights arising under either the Federal or State constitutions. Further, the plaintiff admitted at his deposition, that he could not recall a specific instance where the restrictions imposed upon him prevented him from transacting his business. Therefore, the defendant is entitled to summary judgment on Count I of the Amended Complaint.

### III. The Defendant Is Entitled To Summary Judgment On Count II As It Is A Restatement Of The Claims Made In Count I

In Count II of the Amended Complaint the plaintiff alleges that he has a right to have his speech protected by the Massachusetts State Constitution and the Constitution of the United States of America. Count II is merely restates the claims made in Count I of the Amended Complaint. For the reasons set forth in the defendant's argument with regard to Count I of the Amended Complaint, the defendant is entitled to summary judgment on Count II of the Amended Complaint.

### IV. The Defendant Is Entitled To Summary Judgment On Count III Of The Amended Complaint As The Plaintiff Cannot Establish That The Defendant Violated The Plaintiff's Civil Rights Or Defamed Him

The allegations in Count III of the Complaint are confusing. The plaintiff first asserts that the issuance of the order from the Chief of Police restricting his access to town offices violated his civil rights. Again, this assertion merely repeats allegations made in Count I of the Amended Complaint. For the reasons set forth above, the defendant is entitled to summary judgment on the plaintiff's civil rights claims.

The plaintiff also alleged in Count III that the defendant interfered with the plaintiff's business relationships. At his deposition the plaintiff testified that some unnamed person in town interfered with his attempts to obtain a septic installer's license in Newburyport and Georgetown. He claims he was told by the Newburyport Health Agent, Mark Tolman, that Rowley officials told him that the plaintiff should not

5

have a license. However, the plaintiff was able to eventually obtain his installer's license. The plaintiff also claims the defendant interfered with his attempts to become a state Title 5 inspector but admitted he has no evidence to support this claim. In light of the complete lack of evidence to support the plaintiff's claims that that any official or employee of the Town of Rowley interfered with his business relationships, the defendant is entitled to summary judgment on those claims contained in Count III of the Amended Complaint.

The plaintiff also alleges that certain conduct by the Rowley Board of Health in denying a septic installer's license to his business associate. It is unclear what the plaintiff is referring to. However, a plaintiff in a §1983 case may only recover for deprivation of his or her own constitutional rights, not the rights of another. Trejo v. Wattles, 636 Fed Supp. 992 (D. Colo. 1985). Therefore, the defendant is entitled to summary judgment on any claims asserting that the defendant violated another's civil rights

The plaintiff also alleges in Count III that statements made by town officials or employees or published about him were defamatory.

The Massachusetts Supreme Judicial Court favors the use of summary judgment proceedings in cases where defamation is alleged. Theran v. Rokoff, 413 Mass. 590, 591-592, 602 N.E. 2d. 191 (1992); King v. Glover Newspaper Co., 400 Mass. 705, 708, 512, N.E. 2d. 241 (1987), cert. denied, 485 U.S. 962 (1988).

In order to prevail on a claim for defamation, a plaintiff must prove there was a false and defamatory communication of and concerning the plaintiff which was published to a third-party. Dorn v. Astra USA, 975 Fed. Supp. 388, 396 (D. Mass. 1997); McAvoy v. Shufrin, 401 Mass. 593, 597, 518, N.E. 2d 513 (1988). "A publication is defamatory when it tends to injure one's reputation in the community and expose him

6

to hatred, ridicule and contempt". Brauer v. The Globe Newspaper Co., 351 Mass. 53, 55-56, 217 N.E. 2d 736 (1996). If the publication does not have this effect, it is not defamatory.

In a libel case, the plaintiff must establish: 1) a defamation; 2) of and concerning the plaintiff; 3) made in public; 4) that the statement was false; and 5) that the plaintiff was damaged as a result. Cignetti v. Healy, 89 Fed. Supp. 2d. 106, 126 (D. Mass. 2000) citing Peck v. Wakefield Item, Co., 280 Mass. 451 (1932).

In cases where the defendant is a public official, the applicable legal standard of defamation is actual malice. New York Times Co. v. Sullivan Co., 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed. 2d. 686 (1964). The plaintiff cannot recover in this type of case "unless he proves that the statements were made 'actual malice'—that is with knowledge that [they were] false or with reckless disregard of whether [they were] false or not." Id.

In this case, the plaintiff has not produced any evidence of any defamatory statements that were made by any employees or officials of the Town of Rowley. The only statements made by the defendant or its employees or officials referred only to the threatening and potentially criminal statements made to Mr. Costello and at the Board of Selectmen meeting. The plaintiff was present at the meetings at which the statements were discussed and was aware that the meetings were open to the public. A reporter was present at the Selectmen's meeting on January 8, 2001 and published an article the following day. That article merely repeated the statements made by the plaintiff at that meeting and the Selectmen's response. There is no evidence that the letter sent to the plaintiff by Chief Barry was ever published in the newspaper or anywhere else. The conditions imposed by that letter and which were outlined in the memorandum did not reference the threatening statements made by the plaintiff and did not make any defamatory statements about him. The memorandum merely

7

indicated that the plaintiff was required to make an appointment before appearing at any town office and that a police officer would be present. The subsequent newspaper articles do refer to the conditions imposed upon the plaintiff but they are not defamatory in and of themselves.

However, even if the court were to find that the letter sent to the plaintiff and the memorandum outlining the conditions imposed upon the plaintiff were defamatory, the plaintiff would still have to prove that the statements were made with actual malice. The plaintiff cannot do so. There is no dispute that the conditions were imposed because of threatening statements made by the plaintiff that an incident such as the murder of seven people in Wakefield, could happen in Rowley because of the way the Board of Health operates. That statement was made less than two weeks after the Wakefield shootings occurred. The statement was understood to be a threat because that is exactly what it was. For the plaintiff to insist that his statement was made for any other purpose, is absurd. The action taken by the defendant in imposing conditions upon the plaintiff if he wished to discuss business with any town official or employee was reasonable under the circumstances and the plaintiff cannot establish that it was not done with malice or for any reason other than to protect the safety of the town's employees.

Finally, even if the plaintiff could establish that the reference to the conditions was defamatory, he would have to prove it was the reference to the conditions and not his threatening statements, that caused damage to his reputation.

The plaintiff has failed to establish that any conduct or statements by the defendant were defamatory and in particular has failed to establish that any conduct or statements by the defendant have caused him harm, therefore the defendant is entitled to summary judgment on the plaintiff's defamation claims.

The plaintiff also alleges that the Board of Health conducted an illegal executive session on January 8, 2001 and a result caused harm to the plaintiff. The Board of Health minutes reflect that the Board did adjourn and go into executive session to discuss "possible litigation issues". At the time of that executive session, the Town of Rowley was involved in the Essex Superior Court litigation with Mr. Hurlin. If the Board of Health did discuss Mr. Hurlin, and there is no evidence that it did, the Board had a right to do so. Further, if Mr. Hurlin was discussed, it is unclear how Mr. Hurlin was harmed by that conduct. Wherefore, the defendant is entitled to summary judgment on Count III of the Amended Complaint.

### V.  The Defendant Is Entitled To Summary Judgment On Count IV As There Is No Evidence That The Conduct Of The Defendant's Officials or Employees Was Unfair or Unlawful Or In Violation of Their Duties

In Count IV of the Amended Complaint, the plaintiff alleges that as a result of each individual allegation, the evidence will show a position taken by the town that constitutes unfair unlawful practices in violation of their duties an[d] laws and mission and has and continues to cause plaintiff harm, suffering and substantial damages

Count IV of the Amended Complaint appears to be only a reiteration of the allegations made in the previous Counts of the Complaint and asserts no new allegations. For the reasons asserted above, the defendant is entitled to summary judgment on Count IV of the Complaint as the plaintiff has failed to establish that the defendant's conduct violated his civil rights under the Federal or State Constitution, has defamed the plaintiff and the plaintiff cannot establish that he has suffered harm as a result of the defendant's conduct.

## VI.  Conclusion

For the foregoing reasons, the defendant is entitled to summary judgment on all Counts of the Amended Complaint.

>     The defendant,
>     Town of Rowley,
>     By its attorneys,
>
>     /s/  Pamela J. Fitzgerald
>     Pamela J. Fitzgerald, BBO #563130
>     Brody, Hardoon, Perkins And Kesten, LLP
>     One Exeter Plaza
>     Boston, MA
>     (617) 880-7100

Dated: