UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10833MBB

NICHOLAS E. HURLIN )
    Plaintiff )
)
v. )
)
TOWN OF ROWLEY, )
    Defendant )

### AFFIDAVIT OF PAMELA J. FITZGERALD

I, Pamela J. Fitzgerald, under oath, state as follows:

1. I am counsel for the Town of Rowley in the above matter.

2. The attached meeting minutes from the Rowley Board of Selectmen and the Rowley Board of Health dated January 8, 2001, are true and accurate copies of the minutes kept by those entities.

3. The attached Memoranda from Alyssa Rusiecki dated January 8, 2001 and G. Robert Merry dated January 9, 2001 are true and accurate copies of documents maintained by the Town of Rowley.

4. I also represented the Town of Rowley in the matter of Nicholas Hurlin v. Town of Rowley, Essex Superior Court C. A. No.: 91-02563. That lawsuit involved a taking claim, which was filed by Mr. Hurlin after the Rowley Board of Health condemned property, located at 27 Central Street, Rowley, Massachusetts because the septic system had failed and the plaintiff failed to replace it. That case was recently tried to a jury in the Lawrence Superior Court and resulted in a defense verdict.

5. The Town of Rowley filed a Complaint for a Permanent Injunction against Mr. Hurlin in 1988 after Mr. Hurlin illegally converted 27 Central Street to a two-family residence. The permanent injunction was granted and it ordered Mr. Hurlin to remove the second floor apartment. The permanent injunction remains in effect.

Signed under the pains and penalties of perjury this 31st day of January, 2005.

                                                       Pamela J. Fitzgerald

Nathalie Cook<br>
27 Central Street<br>
Rowley, MA 01969<br>
(978) 948-7411

March 1, 2005

Clifford Pierce, Chairman  
Rowley Planning Board  
PO Box 714  
Rowley, MA 01969

Re: Request to utilize 27 Central Street for office space.

Dear Mr. Pierce,

    As you may know, the property I own located at 27 Central Street has passed Title Five inspection and has been found suitable for occupancy. Outstanding issues remain regarding whether the property may properly be used as a two-family residence. In order to make full use of the property as soon as possible without further litigation regarding the property's two-family character, I would like to request permission to use the first floor of the property for office space. Specifically, I intend to create a legal/business office. The second story of the property would be a residential apartment unit. This solution allows me to make full use of the building, while using the property as a single-family residence.

    Please let me know whether there is any associated paperwork that requires my attention. Thank you in advance for your assistance.

Best Regards,

*Nathalie Cook*  
Nathalie Cook

NC/eg

*[handwritten notes:]*  
Computer  
My Documents.  
3/2/05 hand delivered to Mary Ann Kay Cabral 9:30PM

Fax from : +1 6177203693    +1-6177203693    03/22/01 09:   T-114   P 003/005   F-
22-2001 00:01AM   FROM-PIERCE & MANDELL, PC

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.
SUPERIOR COURT
CIVIL ACTION
NO. 91-2563

NICHOLAS HURLIN and BENNETT B. HURLIN,
Plaintiffs

vs.

TOWN OF ROWLEY,
Defendant

## MEMORANDUM AND ORDER FOR JUDGMENT ON COUNT I OF THE COMPLAINT

Pursuant to the order of this Court dated August 24, 2000 (Agnes, J.), a hearing was held on the merits of plaintiffs' claim for judicial review (Count I) on March 1, 2001. The certified administrative record was supplemented in minor respects by joint representation of counsel during the Court hearing. Thereafter, with the agreement of counsel, the Court employed the standards of G.L. c. 30A, § 14 in undertaking its review.

The record plainly reveals that the Rowley Board of Health committed errors of law in its condemnation of the plaintiffs' property. Those errors are as follows:

1) The Board, prior to issuing the order of condemnation, failed to cause a formal inspection of the premises to be conducted, as required by 105 C.M.R. § 400.100 and/or 105 C.M.R. § 410.820.

2) The Board failed to issue a correction order, as required by 105 C.M.R. § 830.

3) The Board prior to issuing the order of condemnation, failed to provide owners with a copy of an inspection report, as required by 410 C.M.R.

(B)(2).

4) The notice which the Board sent to the owners relative to its intent to find the premises unfit for human habitation was not timely and was incomplete, in that it failed to detail to the owners their rights at the hearing to be held, as required by 105 C.M.R. 410. 832 (B)(2) and (B)(5). It also failed to indicate the "time limit for compliance," as required by 105 C.M.R. 410. 832 (B)(3) and 105 C.M.R. 410. 830.

5) The Board, prior to issuing the order of condemnation, never made a formal written finding that the premises were unfit for human habitation and, more importantly, never included in any written finding the material facts and conditions upon which the finding was based, as required by 105 C.M.R. 410.831 (A). See generally, Wolfson v. Sun Oil Co., 357 Mass. 87, 89 (1970) (Mere recitation of language contained in statutory or regulatory provision which were infringed does not satisfy requirement that administrative agency make findings of facts supporting its decision).

It is true, as the Board argued before this Court, that while the aforementioned violations did occur, the Board, for the most part, complied with the sprit of the applicable regulations. The owners were notified of the condemnation proceedings and participated fully in hearings held by the Board. During those hearings, there was ample discussion concerning the condition of the premises and the possible ways in which to remedy

2

condition. However, the proceedings were characterized by a level of informality which appears ultimately to have led to the breakdown between the Board, on the one hand, and the owners, on the other hand, in their mutual efforts to resolve the matters between them. That is to say, the failure to follow the inspection, correction order, notice of condemnation and written findings requirements of the regulations led to a failure to define with sufficient precision the problem to be solved, the nature of the solution which would be acceptable to the Board and, most importantly, the deadline for solving the problem. Although both sides knew in a general way what was wrong with the property and what had to be done to correct the wrong, the imprecision in the proceedings contributed to the absence of an efficient resolution and appears to have led to some surprise on the part of the owners when the Board finally brought the hammer down on the proceedings.

Accordingly, the order of condemnation must be vacated, and the matter must be remanded to the Board for a reinitiation of the condemnation proceedings in accordance with the requirements of the regulations. It may well be that the outcome will be the same, that is, that the property will be condemned anew. Indeed, it appears from what counsel stated at the hearing that the condition of the property has not changed in the ten years that the instant litigation has been pending. However, if new proceedings are conducted in conformity with the regulations, assurance will be had at least that the parties are all "on the same page." The problem with the premises will be well-defined, the nature of acceptable remedies will be well spelled-out in writing and the deadline for correcting the problem will

Case 1:04-cv-10833-MBB   Document 17-2   Filed 03/08/2005   Page 6 of 6

Fax from : +1 6177203693   03-22-01 09:14   Pg: 6
-22-2001 09:04AM   FROM-PIERCE & MANDELL, PC   +1-6177203693   T-114   P 006/006   F-

be clear. Moreover, any issues appropriate for judicial review will be clearly framed, and an expeditious conclusion to this decade-long affair can be had.

## ORDER

The decision of the Board condemning the subject premises and ordering that they be vacated and secured is <u>VACATED</u>, and the matter is remanded to the Board for further proceedings.[1]

By the Court,

*Howard Whitehead*
Howard Whitehead
Justice of the Superior Court

Dated: 3/9/01

---

[1] Count II of the complaint, alleging an unlawful taking, shall be scheduled by the clerk for trial.

4